UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CURTIS KERN,

          Plaintiff,

     v.

SAN JOAQUIN GENERAL HOSPITAL,
et al.,

          Defendants.

2:25-cv-3186-CKD P

ORDER

Plaintiff is a state prisoner and seeks relief under 42 U.S.C. § 1983. He proceeds without counsel and requests to proceed in forma pauperis. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, plaintiff's complaint is dismissed with leave to amend.

**I.      In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to

1

plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III.    Allegations in the Complaint**

Dr. Dowbak performed an operation on plaintiff's left forearm at San Joaquin General Hospital. (ECF No. 1 at 3.) The follow-up appointment two weeks later was cancelled and Dr. Dowbak became unreachable by mail or telephone. (Id.) Plaintiff also attempted unsuccessfully to contact the hospital directly. (Id.) Plaintiff developed post-operative complications requiring additional clinical management and, potentially, another surgery. (Id.)

**IV.    Discussion**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. State actors are deliberately indifferent in violation of the Eighth Amendment if they know a prisoner faces a substantial risk of serious harm, and disregard that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff does not adequately allege Dr. Dowbak or the hospital acted under color of state law. The complaint does not allege, for example, whether plaintiff was a state prisoner at the relevant time and whether Dr. Dowbak or the hospital contracted with the prison to provide medical care to prisoners.

Moreover, in order to be liable for deliberate indifference under the Eight Amendment, a defendant must not only "be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists," but "must also draw the inference." Farmer, 511 U.S. at 837. "Mere indifference, negligence, or medical malpractice" will not support a claim of deliberate indifference. Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013) (citation and internal quotation marks omitted). The complaint does not plead facts adequately alleging Dr. Dowbak was deliberately indifferent. See Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) ("Mere negligence in the provision of medical care… does not constitute a constitutional violation.") (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

In addition, in order to state a claim against a private entity that performed a public function and acted under color of law for purposes of § 1983, a plaintiff must allege facts demonstrating that his constitutional rights were violated "as a result of a policy, decision, or custom promulgated or endorsed by the private entity." George v. Sonoma Cnty. Sheriff's Dep't, 732 F. Supp. 2d 922, 940 (N.D. Cal. 2010); see Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009) ("like a municipality, a private corporation can be liable if the injury alleged is the result of a policy or practice, or liability can be demonstrated indirectly by showing a series of bad acts and inviting the court to infer from them that the policy-making level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned the misconduct of subordinate officers" (cleaned up)). Plaintiff does not allege the harm suffered resulted from a policy, decision, or custom promulgated or endorsed by the hospital, and fails to state a claim against the hospital.

### V.      Leave to Amend

Plaintiff is granted leave to amend these claims. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

////

////

////

3

**VI.     Order**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 1, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 kern3186.scrn

4