U

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN,<br>Plaintiff,<br>v.<br>SAN JOAQUIN GENERAL HOSPITAL, et al.,<br>Defendants. | 2:25-cv-3186-CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff James Curtis Kern, a state prisoner, proceeds pro se and in forma pauperis and seeks relief under 42 U.S.C. § 1983. This case is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint ("FAC") is before the court for screening. (ECF Nos. 12, 13.)[1] Because it clearly appears plaintiff cannot state a claim for relief, this action should be dismissed without further leave to amend for failure to state a claim.

**I. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

[1] Plaintiff's first amended complaint was filed on June 11, 2026. (ECF No. 12.) On July 9, 2026, the same pleading was re-filed and docketed as a second amended complaint. (ECF No. 13.)

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Allegations in the Amended Complaint

Dr. Dowbak performed an operation on plaintiff's left forearm at San Joaquin General Hospital. (ECF No. 12 at 3.) The follow-up appointment two weeks later was cancelled. (Id. at 3-4.) Dr. Dowbak became unreachable by mail or telephone and made a conscious choice not to follow up. (Id.) Plaintiff also attempted unsuccessfully to contact the hospital directly. (Id. at 3.) Plaintiff developed post-operative complications requiring additional clinical management and, potentially, another surgery. (Id.)

## III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the violation was committed by a person or entity acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). For screening purposes, plaintiff now adequately alleges defendant Dr. Dowbak acted under color of state law by contracting with CDCR to provide medical care to prisoners. However, the allegations in the FAC do not state a claim under § 1983 for the same reasons the original complaint failed to state a claim. Because plaintiff has not stated any federal claim under § 1983, the court should decline to exercise jurisdiction over any state-law claims. See 28 U.S.C § 1367(c).

State actors are deliberately indifferent in violation of the Eighth Amendment if they know a prisoner faces a substantial risk of serious harm, and disregard that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In order to be liable for deliberate indifference under the Eight Amendment, a defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." Farmer, 511 U.S. at 837. "Mere indifference, negligence, or medical malpractice" will not support a claim of deliberate indifference. Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013) (citation and internal quotation marks omitted); see Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) ("Mere negligence in the provision of medical care… does not constitute a constitutional violation.") (citing Estelle v. Gamble, 429

U.S. 97, 105-06 (1976)). The FAC fails to adequately plead deliberate indifference.

In addition, in order to state a claim against a private entity such as a hospital that performed a public function and acted under color of law for purposes of § 1983, plaintiff must allege facts demonstrating that his constitutional rights were violated "as a result of a policy, decision, or custom promulgated or endorsed by the private entity." George v. Sonoma Cnty. Sheriff's Dep't, 732 F. Supp. 2d 922, 940 (N.D. Cal. 2010); see Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009) ("like a municipality, a private corporation can be liable if the injury alleged is the result of a policy or practice, or liability can be demonstrated indirectly by showing a series of bad acts and inviting the court to infer from them that the policy-making level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned the misconduct of subordinate officers" (cleaned up)). The FAC does not allege any facts suggesting the harm suffered resulted from a policy, decision, or custom promulgated or endorsed by the hospital. A claim under 42 U.S.C. § 1983 against the hospital would also require plaintiff to show that he suffered an individualized constitutional injury, which he has not done. See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403-04 (1997).

**IV. Leave to Amend**

Plaintiff was previously advised of the deficiencies in his federal claims based on these underlying facts and the FAC contains substantially the same factual allegations and the same deficiencies. It now clearly appears plaintiff cannot state a claim for relief and the FAC should be dismissed without further leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**V. Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The court has screened your first amended complaint. The undersigned is recommending this case be dismissed for failure to state a claim under 42 U.S.C. § 1983. If you disagree, you

have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations."

**VI. Order and Recommendation**

In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

IT IS RECOMMENDED as follows:

1. This action be dismissed for failure to state a claim.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 19, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 kern3186.scrn.fac.fr